EASTMAN v. ENGLISH.

1. PRACTICE. When a demurrer to a defense set out in an answer was sustained by the court, without exceptions by the defendant, who on the trial offered evidence to sustain such defense, it was held, that the question as to the sufficiency of the defense could be raised in the appellate court only on the ruling of the court below on the demurrer.

*Appeal from Lee District Court.*

SATURDAY, OCTOBER 18.

THE facts are presented in the opinion of the court.

*Noble & Strong* for appellant.

*Rankin & Miller* for appellee.

LOWE, J.— Suit on the following described instrument: "$1,000.                    *Warsaw, Ill., Sept. 25th,* 1857.

"Four months after date I promise and agree to pay to the order of H. W. Sample and M. T. Hunt, as commissioners of the Western Division of the Mississippi and Wabash Railroad, one thousand dollars, with ten per cent per annum interest from date, for value received, payable and negotiable at the banking house of J. H. Lucas & Co., St. Louis, Mo.

(Signed)                    WILLIAM ENGLISH."

This instrument was declared upon in the usual form, not describing the same *in hœc verba*, or according to its tenor, but in substance and by general allegations, and hence there was no such variance between the note described and the one offered in evidence as would authorize the court to sustain an objection to its introduction as evidence on that account.

The defenses set up were : 1st, A general denial ; 2d, payment ; 3d, failure of consideration ; 4th set-off, upon which the plaintiff took issue.   Also, the defendant pleaded a special statutory defense under the laws of Missouri, to the effect that a note which did not contain the words *" negotiable and payable, without defalcation and· discount,"* is subject, in the hands of the assignee, to any defense or set-off on the part of the maker, existing at or before the date of the assignment.

To. this plea, the plaintiff demurred, which was sustained, without exception by the defendant, who went to trial on the other issues, and had judgment rendered against him for the balance due on the note, and interest.   Appealing, he now complains that the court erred in rejecting certain evidence, and refusing certain instructions applicable alone to his defense, founded upon the statutes of the State of Missouri, which had been ruled out upon demurrer ; and the sustaining of said demurrer thereto is not assigned for error, nor made a ground in a motion for a new trial in the court below.   It is true that he might have raised again the question of the sufficiency of his special statutory plea, by assigning the sustaining of the demurrer thereto as one of the grounds of his motion for a new trial, and in that way indirectly have reached the errors which he has assigned in regard to his evidence and instructions.   But this he did not do, and we have no right, in the present condition of the record, to enter upon and discuss questions, although elaborately argued by appellant, both at bar and in his brief,

which he voluntarily abandoned in the court below.    The
question whether, under the somewhat peculiar provisions of
the statutes of Missouri, said note was not negotiable in the
sense that an innocent assignee may hold the same dis-
charged from the equities and defenses of the maker, is a
matter of no consequence in the present state of the record.
We admit that under a proper condition of the pleadings
the question whether the laws of Illinois or those of Mis-
souri should determine the negotiability of this note, would
be a very important one, and it might be, as it often is, a
very embarrassing one for the reason that, whether the place
where the contract was made, or the place where it is to be
performed, constitutes the real *lex loci contractus* depends
often upon the intent of the contracting parties, or how far
the laws of either place entered into the contemplation of
the parties at the time they made the contract.    When this
question is legitimately raised, we will endeavor to grapple,
as best we may, with its intricacies.    For the present,
under the circumstances of this case, we must affirm the
judgment below.

Affirmed.